Southakd J.
This is an indictment for perjury, taking a false oath, before the Common Pleas of Essex, when the defendant, was examined, upon his for the benefit of the insolvent laws. The indictment was removed hither, by certiorari, and several objections are taken, to its validity, arising, upon the face of it; and one, arising from extrinsic matter, which the Attorney-General and defendant, agreed, should be considered upon this motion.
It is objected, 1. That the indictment, does not shew, that such petition as is required by the statute, was presented, or when, where and how, the petition was presented. 2. It does not shew, that the court appointed the 7th September 1816, for the hearing ; that not being within the regular terms. 3. It does not state, that the hearing was at any stated term. In answer to all these objections, I think it is sufficient to say, that the indictment alleges, that there was a regular and legal hearing, before a competent court, upon the application of the defendant, for the benefit of the insolvent law. How the court, came to sit on that day; what was its authority and how far the proceedings of the insolvent were regular: are matters, which must appear at the hearing, but need not appear, or be further set out, upon the face of the indictment. The manner in which the court obtains jurisdiction, never appears on the indictment.
It is further agreed, that the interrogatories were not *890 administered to this defendant, nor answers given, inwri- and it is argued, that this is fatal. The court, when ^ sjts to hear an insolvent, must strictly pursue the authority and directions of the statute. The statute says, that he shall be examined on interrogatories. What are interrogatories? The usual technical meaning of the word, in the Court of Chancery, is a question in waiting; *its ordinary meaning, in common discourse, is, a question. I do not know' of any fixed, certain, and invariable, meaning in common law courts. What the legislature means, in our insolvent law's, is to be sought, perhaps, most certainly, in those laws themselves. I am not aware of any other word being used, except this, to express the questions which the applicant must answer; and it is always used, without any addition, to explain or add to its meaning, exept once. In a statute, passed in 1811, the insolvent is directed to be examined, upon interrogatories in writing. This law was soon after repealed. I think the inference is, that the legislature supposed there wras a distinction between interrogatories, and interrogatories in writing; and that when they mean the latter, they say so. This objection, then, cannot prevail, although it would certainly be the best and safest course, always to interrogate the applicant in writing, that all his answers may be filed, among the records of the court.
Motion overruled, and defendant, put to plead.